UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GWENDOLYN GILL,

      Plaintiff,

v.                                 CASE NO. 3:22-cv-137-MMH-MCR

ALLAN BAYLEY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

      **THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 2).  For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

### I.    Introduction

      On February 8, 2022, *pro se* Plaintiff, Gwendolyn Gill, filed a document

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

titled "Requesting Appeals and Motion for Reconsideration," construed as a Complaint, and an incomplete, unnotarized Application, seeking leave to proceed without prepaying fees or costs.  (Docs. 1 & 2.)  Plaintiff's Complaint asks for reconsideration of two state court orders entered by the County Court of the Fourth Judicial Circuit in and for Duval County, Florida.  (*See* Doc. 1.)  The first order, dated January 26, 2022, dismissed Case No. 2021-CC-13412 for mootness in light of the court's ruling in Case No. 2021-CC-13405.  (*Id.* at 10.)  The second order, dated February 3, 2022, denied Ms. Gill's motion to set aside final judgment in Case No. 2021-CC-13405 CC-B. (*Id.* at 11.)  Plaintiff alleges that she "was evicted for no reason" and attaches a Lease Contract Addendum, among other exhibits pertaining to her state court proceedings.  (*Id.* at 1, 3.)

## II.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the application sufficiently demonstrates the plaintiff meets the financial criteria to proceed *in forma pauperis*, when such an application is filed, the court is also obligated to review the case and dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

2

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . .  Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).  "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous."  *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted).  A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim."  *Id.* at 470-71 (internal quotation

3

marks omitted).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)). To show entitlement to relief, a plaintiff must include a short and plain statement of facts in support of his claims. Fed.R.Civ.P. 8(a). This statement of facts must show the plausibility of plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint filed *in forma pauperis*, which fails to state a claim under Fed.R.Civ.P. 12(b)(6), is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)), *cert. denied*, 534 U.S. 1044 (2001). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or

when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  *Bilal*, 251 F.3d at 1349.

Finally, the pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").  Further, courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed.R.Civ.P. 15."  *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").  Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim.  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   Analysis

Even when construed liberally, the Complaint is subject to dismissal for lack of subject-matter jurisdiction and failure to state a claim on which relief may be granted.  First, the Complaint does not include any jurisdictional allegations.  Further, the Complaint does not include a short and plain statement of facts in support of Plaintiff's claim(s).  Plaintiff's allegations are wholly inadequate to give Defendant a fair notice of Plaintiff's claim(s) and the events underlying those claim(s).  It is apparent, however, that Plaintiff's claim(s) cannot be redressed by this Court, because Plaintiff seeks reconsideration of two state court orders, which are not appealable here.  This Court does not have jurisdiction to hear appeals of state court decisions.  *See Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132 (11th Cir. 2005) (per curiam) (stating that under the *Rooker-Feldman* abstention doctrine, "a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision") (quoting *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  The only federal court that can hear an appeal of a state

6

court final judgment is the United States Supreme Court. *Seltz v. Medina*, No. 2:13-cv-394-FtM-38DNF, 2013 WL 2920415, *2 (M.D. Fla. June 13, 2013) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983)). Although a *pro se* plaintiff is usually given at least one opportunity to amend the complaint, it would be futile to do so here in light of the relief requested in this case.

Based on the foregoing, the undersigned need not address the deficiencies in Plaintiff's Application. However, in addition to being incomplete and unnotarized, the Application appears to be internally inconsistent. (*Compare* Doc. 2 at 1 (listing monthly income from employment in the amount of $1,600.00) *with id.* at 2 (listing gross monthly pay in the amount of $3,800.00 from Somerset Academy).) Even considering the information provided in the Application currently, it does not appear that Plaintiff is indigent, because her monthly income ($3,005.00) exceeds her listed monthly expenses ($2,565.88).

Accordingly, it is **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED without prejudice** for lack of subject-

matter jurisdiction[2] and failure to state a claim on which relief may be granted. Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii).

  3. The Clerk of Court be directed to close the file.

  **DONE AND ENTERED** at Jacksonville, Florida, on March 11, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

---

[2] A dismissal for lack of subject-matter jurisdiction is without prejudice. *See Blankenship*, 551 F. App'x at 471 n.2 (stating that a dismissal of an action for lack of subject-matter jurisdiction is an involuntary dismissal and, thus, it is without prejudice) (citing Fed.R.Civ.P. 41(b) (providing that an involuntary dismissal for lack of subject-matter jurisdiction does not operate as an adjudication on the merits) and *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject-matter jurisdiction should be without prejudice)).